United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sherese Godschild, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-61461-Civ-Scola |
| | ) |
| Lauren Turner, Esq. and L. Turner Law P.A., Defendants. | ) |

## Order of Dismissal

Previously the Court ordered Plaintiff Sherese Godschild, proceeding pro se, to file an amended complaint because her initial complaint (1) failed to adequately allege a basis for the Court's jurisdiction and (2) amounted to a shotgun pleading. (ECF Nos. 5.) In doing so, the Court warned Godschild that if she failed to provide facts establishing jurisdiction or remedy the defects in her pleading, her case would be dismissed. (*Id.*) Although Godschild has timely filed an amended complaint (ECF No. 6), she again fails to set forth facts establishing the Court's jurisdiction and fails to appreciably address the pleading deficiencies previously identified. Accordingly, the Court **dismisses** this case **without prejudice**.

As an initial matter, Godschild fails to set forth facts that would assure the Court it has jurisdiction over this case. To the extent Godschild's intent is to proceed under the Court's federal-question jurisdiction, her allegations fail. Although she repeatedly references the Fair Debt Collection Practices Act, she neglects to include any allegations establishing, for starters, that either Defendant is even a debt collector. Further Godschild has affirmatively alleged that the damages she seeks are less than $75,000 thereby eliminating the Court's diversity jurisdiction.

Additionally, Godschild has failed to heed the Court's admonitions regarding the form of her complaint which continues to qualify as a shotgun pleading. Again, Godschild's allegations are comprised of conclusory allegations, intermingled with disconnected facts, presented along a disjointed timeline of events. Once more Godschild also bunches all her claims and their supporting allegations into one giant, indivisible count.

Accordingly, the Court **dismisses** this case **without prejudice** because Godschild has failed to establish the Court's jurisdiction and has failed to address the complaint's pleading deficiencies. As a result, the Court directs the Clerk to **close** this case.

      As an aside, the Court also advises Godschild that although it appears she cannot allege diversity jurisdiction, she can elect to proceed in state, rather than federal, court, where there is no need to establish diversity jurisdiction.

      **Done and ordered** in Miami, Florida, on January 6, 2023.

                                                                   _____
                                                                    Robert N. Scola, Jr.
                                                                    United States District Judge